**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOHN H. SARB, ESQ., BAR NO. 7896.

No. 62946

**FILED**

NOV 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## *ORDER OF DISBARMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney John H. Sarb be disbarred from the practice of law in Nevada.[1] *See* SCR 105(3)(b).

The underlying disciplinary proceedings arose from Sarb's representation of clients in two separate family law matters. With respect to the first client, Sarb misrepresented to the client that the client's case was still pending and requested $800 in order to serve an opposing party in a foreign country even though the matter had been dismissed two

_____

[1]Sarb was suspended in August 2011 for failure to comply with State Bar reporting and dues requirements, *see* SCR 78.5; SCR 79; SCR 98; NRS 7.034; NRS 425.520; RPC 6.1, and placed on additional suspension in November 2011 for failure to complete required continuing legal education requirements. *See In re Application of Bd. of Continuing Legal Educ.*, Docket No. 58961 (Order Dismissing Petition as to Certain Respondent Attorneys and Granting Petition as to Certain Respondent Attorneys, November 9, 2011).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37022

months prior to Sarb making the request. With respect to the second client, Sarb appeared at a hearing on behalf of the client in December 2011, even though he was suspended from the practice of law. In both matters, Sarb failed to respond to numerous attempts by the clients to ascertain the status of their cases, failed to personally inform them that he was terminating his representation, and failed to propel their pending matters forward in a diligent manner.

Sarb failed to respond to the State Bar's complaints alleging the foregoing. *See* SCR 105(2) (if an attorney fails to respond to a State Bar complaint, the charges shall be deemed admitted). The matters were consolidated and proceeded to a hearing. Although he was personally served with notice of the hearing, Sarb did not appear or otherwise participate in the proceeding.

The panel found that Sarb violated RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.16 (declining or terminating representation), RPC 5.5 (unauthorized practice of law), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4(c) and (d) (misconduct). While the panel found Sarb's lack of a prior disciplinary record a mitigating factor, it also found the following aggravating factors: a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of his conduct, substantial experience in the practice of law, and indifference to making restitution. SCR 102.5. Based on these findings, the panel recommended that Sarb be disbarred from the practice of law in Nevada.

A disciplinary panel's recommendation of disbarment is subject to automatic review by this court. SCR 105(3)(b). Although persuasive, the panel's findings and recommendations are not binding on

this court. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). This court must review the record de novo and exercise its independent judgment with respect to what type of discipline, if any, is warranted. *Id.* The panel's findings of misconduct must be supported by clear and convincing evidence. *Id.*

As Sarb failed to answer or otherwise respond to the State Bar's complaints, the charges are deemed admitted, SCR 105(2), and we conclude that clear and convincing evidence supports the panel's findings. Additionally, the State Bar's recommended discipline is appropriate in light of the nature of Sarb's misconduct and apparent abandonment of his law practice.

Accordingly, we disbar Sarb from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Sarb shall pay the costs of the disciplinary proceedings within 30 days of receipt of the Nevada State Bar's bill of costs. *See* SCR 120.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                                          Hardesty

_____, J.        _____, J.
Parraguirre                                       Douglas

_____, J.        _____, J.
Cherry                                             Saitta



cc: Phillip J. Pattee, Assistant Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
John H. Sarb
Jeffrey Albregts, Chair, Southern Nevada Disciplinary Board
Perry Thompson, U.S. Supreme Court Admissions Office